UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| Renee Blackwell<br>2001 Columbia Ave, Apt D<br>Atlantic City, NJ 08401<br>　　　　　Plaintiff<br>　　v.<br><br>Dolores Helb, individ and in her official capacity as an employee of New Jersey Department of Children and Families<br>222 South Warren Street.<br>Trenton, NJ 08625<br><br>And<br><br>Debra Boehme, individ and in her official capacity as an employee of New Jersey Department of Children and Families<br>222 South Warren Street.<br>Trenton, NJ 08625<br><br>And<br><br>Barbara Parnes, individ and in her official capacity as an employee of New Jersey Department of Children and Families<br>222 South Warren Street.<br>Trenton, NJ 08625<br><br>And<br><br>John Does 1-10<br><br>　　　　　Defendants. | CIVIL ACTION NO.: 09-3004<br><br>JURY OF TWELVE (12) JURORS DEMANDED |

**FIRST AMENDED CIVIL ACTION COMPLAINT**

**I.    Preliminary Statement**

1.    This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' Civil Rights violations arising from Defendants violating Plaintiff's privacy. Defendants revealed to

Plaintiff's adopted daughter Plaintiff's and that daughter's siblings' information so to allow the adoptee daughter to ascertain Plaintiff's constitutionally and statutorily protected identity.

2. Individually, jointly or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3. Plaintiff reserves the right to rely on the "Discovery Rule" and the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

## II. Jurisdiction and Venue

4. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

5. Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

## III. Parties

6. Plaintiff, Renee Blackwell ("Plaintiff"), is an adult individual, and citizen currently residing at the above-captioned address.

7. Defendant, Barbara Parnes ("Parnes"), is an individual and employee of DYFS, at all times material responsible for the actions described below leading to the disclosure of Plaintiff's private information, acting under color of state law.

8. Defendant, Dolores Helb ("Helb"), is an individual and employee of DYFS, at all times material responsible for the actions described below leading to the disclosure of Plaintiff's private information, acting under color of state law.

9. Defendant, Debra Boehme ("Boehme"), is an individual and employee of DYFS, at all times material responsible for the actions described below leading to the disclosure of Plaintiff's private information, acting under color of state law.

10. Defendants, John Does 1-10, are individuals or entities affiliated with, associated with, doing business as, employed by, servants of or work-persons of Defendants, and have liability and responsibility hereunder.

### IV. Operative Facts

11. Over thirty (30) years ago, Plaintiff had given up a child for adoption.

12. The child Plaintiff gave up for adoption was the result of a rape.

13. At that time, Plaintiff was incapable of raising the child.

14. Plaintiff did not want to have contact with that child as Plaintiff had put the violent, disturbing, and traumatic incident behind her.

15. In or around August 2008, Plaintiff received a letter from DYFS regarding that adult adoptee who was looking for information about her natural parents.

16. The letter requested a response from Plaintiff to indicate if Plaintiff was the individual DYFS was looking for or if Plaintiff was interested in pursuing the matter vis-à-vis revelation of her identity.

17. Plaintiff was not interested in pursuing the matter; she did not want her identity revealed to her biological daughter.

18. The letter did not state that Plaintiff was required to respond; in fact, she was not.

19. Plaintiff knew that if she did not respond or grant explicit authorization, Plaintiff's information could not be released.

20. Plaintiff did not respond to the letter due to the traumatic circumstances surrounding the adoption.

21. At all times material, Plaintiff was legally protected from Defendants revealing her identity.

22. At no time did Plaintiff consent to DYFS revealing Plaintiff's or Plaintiff's other children's names, addresses, or other identifying information.

23. Nevertheless, on or about December 13, 2008, Plaintiff was contacted at her home by an individual claiming to be Plaintiff's natural daughter, Jenine Howell.

24. Plaintiff answered a knock on her door to find a gentleman there.

25. The male asked if she was Renee Blackwell.

26. When Plaintiff responded affirmatively, the gentleman moved aside to reveal a woman.

27. The woman introduced herself and stated that she may be the daughter Plaintiff had given up for adoption.

28. The encounter immediately left Plaintiff feeling violated, in shock, and short of breath.

29. Plaintiff attempted for two (2) days to contact Dolores Helb or Debra Boehme, the individuals listed on the August correspondence.

30. Plaintiff was unable to directly contact either individual and had to leave messages.

31. Plaintiff's calls were returned by Parnes.

32. Parnes informed Plaintiff that since Plaintiff had not returned the form from the August letter stating that she did not want her information disclosed, DYFS "more or less did what they had to do."

33. During this conversation, Parnes incorrectly indicated that Plaintiff had to take preemptive steps in order for her identity to remain protected.

34.     When Plaintiff further stated that the actions, revealing Plaintiff's identity, were taken without her authority, Parnes responded that it did not matter as the adopted daughter was speaking to Plaintiff's other daughter, Dennine Blackwell.

35.     Prior to Defendants intrusion, Plaintiff had not discussed the adoption nor the events leading to it with her children.

36.     Defendants' intrusion into Plaintiff's and her children's lives lead to the disclosure of information Plaintiff did not want disclosed, her identity.

37.     At no time did Plaintiff grant authority to Defendants to release information regarding Plaintiff or Plaintiff's family.

38.     At no time did Plaintiff reveal to Defendants any of Plaintiff's other children's names.

39.     At all times material, Defendants were acting in violation of N.J.S.A §9:3-52(a) by revealing Plaintiff's and Plaintiff's children's information to Howell.

40.     Per N.J.S.A §9:3-52(a), Plaintiff's adoption records were sealed.

41.     Defendants could only unseal Plaintiff's records upon a showing of good cause.

42.     Defendants did not have good cause to open and release Plaintiff's adoption records.

43.     Defendants did not have a fundamental interest to reveal Plaintiff's private information even by way of her family.

44.     Plaintiff's failure to respond to a form letter does not constitute good cause.

45.     Defendants did not have a court order allowing the dissemination of Plaintiff's or Plaintiff's family's identification.

46.     Defendants did not have a good cause for Defendants to reveal Plaintiff's identity evenby way of her family.

   **V.     Causes of Action**

## COUNT I
### CIVIL RIGHTS VIOLATION- 1st, 4th & 14th Amendments
*Plaintiff v. Parnes, Helb, Boehme, in their individual capacities*

47. At the time Defendants revealed Plaintiff's or Plaintiff's children's contact information there was no cause to do so, Plaintiff had not consented, and there was no court order, and Defendants did so knowing it would allow the adoptee to ascertain Plaintiff's identity.

48. Defendants actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well settled Constitutional and other legal rights.

49. Defendants caused Plaintiff to suffer an invasion of privacy by their actions in revealing the identity and address and contact information of her and her children, all in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

50. As a result, Plaintiff suffered and continues to suffer harm, including financial (attorneys fees, and loss of earning capacity) and emotional distress, *inter alia*, in violation of her rights under the laws and Constitution of the United States of America, in particular the First, Fourth, and Fourteenth Amendments thereto, via Title 42 U.S.C. §§1983.

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and severally, in an amount in excess of $1,000,000.00 ($1 Million), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Injunctive relief;
   b. Statutory damages;
   c. Compensatory damages, including; and
      i. Actual damages for financial injury and emotional distress;
      ii. Attorneys fees and expenses, and costs of suit; and
   d. Punitive damages.

Weisberg Law, P.C.

<u>/s/ Matthew B. Weisberg, Esquire</u>
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiff