PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
PO Box 116
Trenton, New Jersey 08625
Attorney for Defendants
Debra Boehme and Barbara Parnes

By: Karen L. Jordan
    Deputy Attorney General
    (609) 984-2924

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE BLACKWELL, | Civil Action No. 09-3004 (GEB) |
| Plaintiff, | |
| v. | |
| DOLORES HELB, DEBRA BOEHME and BARBARA PARNES, et al. | |
| Defendants. | ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANTS, DEBRA BOEHME AND BARBARA PARNES |

Defendants, Debra Boehme and Barbara Parnes ("Answering Defendants"), by way of answer to the First Amended Complaint, say:

I. **Preliminary Statement**

1-3. Denied.

II. **Jurisdiction and Venue**

4. Denied.

5. Admitted that the State of New Jersey maintains offices in the Trenton Vicinage of the United States District Court and that some events associated with the allegations in the complaint may have occurred in the Trenton Vicinage.

**III. Parties.**

6. Admitted that Renee Blackwell is an adult individual, but Answering Defendants are without sufficient knowledge to admit or deny where she resides.

7. Admitted that Defendant Barbara Parnes is an employee of the State of New Jersey; the remainder of this paragraph is denied.

8. As the allegations in this paragraph are not directed at Answering Defendants, no response is made thereto.

9. Admitted that Defendant Debra Boehme is an employee of the State of New Jersey; the remainder of this paragraph is denied.

10. As the allegations in this paragraph are not directed to Answering Defendants, no response is made thereto.

**IV. Operative Facts.**

11.-15.  Answering Defendants are without sufficient knowledge to admit or deny the allegations of these paragraphs.

16. Denied.

17. Answering Defendants are without sufficient knowledge to admit or deny the allegations of these paragraphs.

18. Denied.

19.-20.  Answering Defendants are without sufficient knowledge to admit or deny the allegations of these paragraphs.

21. Answering Defendants deny the allegations in this paragraph as conclusions of law.

22-31.  Answering Defendants are without sufficient knowledge to admit or deny the allegations of these paragraphs.

32.-36. Denied.

37. It is specifically denied that Answering Defendants revealed Plaintiff's identity.

38. Answering Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph.

3

39.-44.  Answering Defendants deny the allegations in these paragraphs as conclusions of law.  To the extent these allegations are deemed factual in nature, Answering Defendants deny these allegations.

45.-46.  It is specifically denied that Answering Defendants revealed Plaintiff's identity.

**V.  Causes of Action**

### COUNT I
CIVIL RIGHTS VIOLATION - 1ST, 4TH AND 14TH AMENDMENTS
Plaintiff v. Parnes, Helb, Boehme, in their individual capacities

47.  Answering Defendants repeat their answers to the preceding paragraphs.

48.-50.  Denied.

Wherefore, Answering Defendants Debra Boehme and Barbara Parnes demand judgment dismissing Plaintiff's complaint with prejudice, plus costs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Recovery is barred in this action by the failure of Plaintiff's complaint to state a claim upon which relief can be granted.

4

## SECOND AFFIRMATIVE DEFENSE

Answering Defendants are immune from suit under principles of State sovereignty and/or the Eleventh Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendants are immune from suit because of qualified immunity and good faith immunity because their actions were at all times objectively reasonable, were without malice or fraud, and/or were not in violation of any clearly established constitutional right, law or policy.

## FOURTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Defendants cannot be held liable under a theory of respondeat superior for purposes of 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a policy, pattern or custom attributed to Answering Defendants that violated a constitutional right and/or was the cause of injury to her.

## SEVENTH AFFIRMATIVE DEFENSE

The complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited

and/or controlled by all provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 through 59:12-3 inclusive, as if each section, provision, defense, and immunity were listed herein separately, particularly, and at length.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability under N.J.S.A. 59:2-3 and 3-2, discretionary act immunity.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability under N.J.S.A. 59:2-3 and 3-2, legislative act immunity.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability under N.J.S.A. 59:3-4, immunity for acting under invalid, unconstitutional or inapplicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability under N.J.S.A. 59:2-4 and 3-5, immunity for the adoption or failure to adopt or enforce any law.

### TWELTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability under N.J.S.A. 59:3-10, immunity for negligent misrepresentation.

### THIRTHEENTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendants is subject to reduction by the

limitations of proportionate liability set forth in N.J.S.A. 59:9-3.1.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendants is subject to reduction by the comparative negligence provisions set forth in N.J.S.A. 59:9-4.

### FIFTEENTH AFFIRMATIVE DEFENSE

Recovery is barred by the failure of Plaintiff to give timely notice of claim or to present a claim in accordance with N.J.S.A. 59:8-1 et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants were not negligent and violated no duty to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery to which Plaintiff may be entitled against Answering Defendants is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action, in whole or in part, by the contributory and comparative negligence of Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

The alleged injury was caused by the negligence of persons and entities over whom Answering Defendants had no control.

## TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendants were not joint tortfeasors and are not liable for contribution or indemnification to any other party.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Negligence, if any, on the part of Answering Defendants was not the proximate cause of any injuries which may have been sustained by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any damages alleged in this incident were solely and exclusively the result of the negligence of Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statute of limitations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

N.J.S.A. 9:52(a) does not afford a private right of action for damages or injunctive relief to Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendants are not liable because of the common law absolute or qualified immunity for statements by public employees or officials.

## REQUEST FOR ALLOCATION

Pursuant to Young v. Latta, 123 N.J. 584 (1991), Answering Defendants hereby advise that if any co-defendant settles the within matter prior to conclusion of trial, the liability of any settling co-defendant shall remain an issue and these defendants shall seek an allocation of percentage of negligence by the finder of fact against such a settling co-defendant and/or a credit in favor of these defendants consistent with such allocation.

## CROSSCLAIM AND COUNTERCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Without admitting any liability whatsoever, Answering Defendants hereby demand from Plaintiff and/or any/all other Defendants named or to be named to this action both contribution and indemnification pursuant to any/all applicable provisions of common law and/or contract and/or statute (including but not limited to the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq.; the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.; the New Jersey Tort Claims Act, N.J.S.A. 59:9-3, -3.1 and -

4) and/or, by way of demand for complete indemnification against any or all other Defendants currently named or to be named, assert that any negligence on the part of these answering Defendants is only secondary, vicarious and imputed whereas the negligence of any/all such other Defendants was primary, direct and active.

## RESERVATION OF RIGHTS

Answering Defendants reserve the right, at or before trial, to move to dismiss the complaint and/or for summary judgment, on the grounds that the complaint fails to state a claim upon which relief can be granted and/or the Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

## JURY DEMAND

The Answering Defendants demand a trial by jury on all issues in the cause.

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Karen L. Jordan
　　　Karen L. Jordan
　　　Deputy Attorney General

Dated: June 22, 2010