UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| | | |
|---|---|---|
| RENEE BLACKWELL | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09-cv-03004-GEB-DEA |
| | : | |
| NEW JERSEY DEPARTMENT OF CHILD | : | |
| AND FAMILY,DIVISION OF YOUTH | : | |
| AND FAMILY SERVICES; | : | |
| CHRISTINE MOZES, individually | : | |
| and in her official capacity | : | |
| as Director of Division of | : | |
| Youth and Family Services, | : | |
| KIMBERLY RICKETT, individually | : | |
| and in her official capacity | : | |
| as Commisioner of New Jersey | : | |
| Department of  Children and | : | |
| Families; DOLORES HELB, | : | |
| Individually and in her | : | |
| official capacity as employee | : | |
| of New Jersey Department of | : | |
| Children and Families; DEBRA | : | |
| BOEHME, individually and in | : | |
| her official capacity as | : | |
| employee of New Jersey | : | |
| Department of Children and | : | |
| Family and BARBARA PARNES, | : | |
| individually and in her | : | |
| official capacity as employee | : | **BRIEF IN SUPPORT OF DEFENDANT** |
| of New Jersey Department | : | **DOLORES HELB'S MOTION FOR** |
| of Children and Families | : | **SUMMARY JUDGMENT** |
| Defendants | : | |

5

## STATEMENT OF THE CASE

In the instant suit Plaintiff alleges violations of her civil rights and right to privacy arising out of contact attempts made her daughter "Denine", whom she placed for adoption in the State of New Jersey over thirty years ago. Plaintiff has since had at least one other child, Jennine Blackwell, whom she did not place for adoption.

In August, 2008, pursuant to a request by Denine, Defendant Division of Youth and Family Services (hereinafter "DYFS") wrote to Plaintiff to advise that an adult adoptee was seeking information about her natural parents. The August 2008 correspondence was placed on DYFS letterhead signed by Dolores Helb, a DYFS representative. It is undisputed that Plaintiff never responded to the letter in any fashion, and that the letter did not disclose any identifying information about Denine, nor did it provide any indication that DYFS would disclose any identifying information about Plaintiff. A similar letter, also on DYFS letterhead and signed by Ms. Helb, was sent to Plaintiff's other daughter, Jennine Blackwell, who thereafter voluntarily communicated with, and provided contact information to DYFS.

In December 2008, Denine went to Plaintiff's home in an attempt to see her mother. Plaintiff has no evidence that DYFS

6

ever provided Denine with any information regarding Plaintiff; upon information and belief, Denine found her mother through her own research and efforts. On June 18, 2009, Plaintiff filed suit against the named defendants, alleging a violation of her civil rights and invasion of privacy arising out of Denine's attempts to contact her. In addition to DYFS and other defendants, Plaintiff filed suit against Dolores Helb, who authored the initial contact letters attached as Exhibits "B" and "D". As stated above, Plaintiff is unable to adduce any evidence that it was DYFS's or Ms. Helb's conduct that led Denine to her. Plaintiff is further unable to demonstrate that her civil rights have been violated or that her privacy was invaded by Ms. Helb, and as such entry of summary judgment dismissing her claims against all the defendants is appropriate. Finally, assuming *arguendo* that the Court determines that Plaintiff can adduce sufficient evidence so as to survive summary judgment, Plaintiff has presented no evidence to demonstrate that Ms. Helb acted outside the scope of her duties as a representative of DYFS, and accordingly, summary judgment in Ms. Helb's favor is appropriate.

## STATEMENT OF MATERIAL FACTS

1. Approximately thirty (30) years ago, Plaintiff placed her infant daughter "Denine" up for adoption in the State of New

7

Jersey.  (See Amended Complaint, attached hereto as Exhibit "A").

2.  In August 2008, in response to a request made by Denine, DYFS representative Dolores Held sent correspondence on DYFS letterhead to the Plaintiff, advising that an adult adoptee was searching for "Renee M. Blackwell, born September 12, 1945, on an important family matter" and further stating that the adoptee was seeking information about and possible contact with her birth family.   (See August 11, 2008 Correspondence, attached hereto as Exhibit "B").

3.  An Adoption Registry Release form was attached to the correspondence. (See Adoption Registry Release form, attached hereto as Exhibit "C").

4.  The correspondence asked Plaintiff to review the release and indicate whether or not she was the person in question or whether or not she wished to pursue this matter further. (See Exhibit "B").

5.  In addition, Ms. Helb provided her contact information and the contact information for her supervisor, DYFS employee, Debra Rogers-Boehme. (See Exhibit "B").

6.  On December 1, 2008, pursuant to Denine's initial contact, DYFS also sent correspondence to Plaintiff's daughter, Jennine Blackwell, requesting information about the family of Renee Blackwell "at the request of an adult adoptee in search of

8

her birth family." (See December 1, 2008 correspondence, attached hereto as Exhibit "D").

7. The December 1, 2008 correspondence to Jennine Blackwell was also on DFYS letterhead, signed by DYFS representative Dolores Helb, contained a Release form, and contained contact information for DYFS. (See Exhibit "D").

8. DYFS sent the aforementioned correspondence pursuant to the provisions in the DYFS Adoption Registry. (See http://www.state.nj.us/njfosteradopt/adoption/registry/).

9. Plaintiff neither responded in any fashion to the correspondence, nor did she respond or send back the Release. (See Exhibit "A", ¶20).

10. In response to the December 1, 2008 correspondence, Jennine Blackwell provided her cell phone number on the release and returned it to DYFS. (See Deposition Testimony of Jennine Blackwell, 12:24-13:3, attached hereto as Exhibit "E").

11. Jennine Blackwell also called the phone number on the correspondence in late December 2008 or early January 2009 and spoke to a DYFS representative. (See Exhibit "E", 13:4-23).

12. In that phone call, the DYFS representative advised Jennine Blackwell that her sister had tried to call her cell phone but had been unable to reach Jennine. (See Exhibit "E", 15:4-13).

9

13. Jennine Blackwell eventually spoke to her sister "Denine" by phone in the end of 2008 or beginning of 2009. (See Exhibit "E", 18:3-6).

14. In December 2008, Denine went to the home of her birth mother, Renee Blackwell. (See Deposition Testimony of Renee Blackwell, 11:5-17, attached hereto as Exhibit "F").

15. Jennine Blackwell testified at the time of her deposition that she did not know how Denine got her mother's address. (See Exhibit "E", 24:7-19).

16. Jennine Blackwell does not know if she ever spoke to Dolores Helb. (See Exhibit "E", 27:7-25).

17. On June 18, 2009, plaintiff, Renee Blackwell filed suit alleging a violation of her civil rights and right to privacy. (See Complaint, attached hereto as Exhibit "A").

18. Upon information and belief, Denine located her mother through her own personal efforts and research, and not pursuant to any information provided by DYFS.

19. DYFS never released information concerning Plaintiff's whereabouts or otherwise, to anyone, and Plaintiff has no evidence whatsoever to contradict this fact.

20. As such, Plaintiff has no evidence to support her claims that Defendants invaded her privacy or violated her civil rights.

21.   Plaintiff's allegations that DYFS released information that led Denine to contact her are speculative and unsupported by anything other than conjecture and supposition.

22.   Further, there is no evidence that Ms. Helb acted in any manner or capacity other than as a representative of DYFS and in accordance with the Adoption Registry maintained pursuant to authority from the State of New Jersey and as such she is immune from suit.

## LEGAL ARGUMENT

I.  **Defendant Is Unable As a Matter of Law to Prove that Moving Defendant Violated Plaintiff's Civil Rights or Invaded Her Privacy.**

42 U.S.C. §1983 provides a mechanism for redress of civil rights violations as follows:

> Every person who, under color any statute, ordinance, regulation, Custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other Person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff has alleged that moving Defendant violated her civil rights in revealing the identify and address and contact information of her and her children, all in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution.

Federal Rule of Civil Procedure 56(c) provides that upon the filing of a motion for summary judgment, the judgment or order shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law."  The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact.  Celotex Corp.

12

v. Catrett, 477 U.S. 317, 323 (1986).   Once the movant has met this prima facie burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).   A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.   Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]."   Id. at 252.   "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original).

A fact is material only if it might affect the action's outcome under governing law.   Id. at 248."   [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

In the instant matter, Plaintiff is unable as a matter of law to demonstrate, and discovery has adduced no evidence, that Ms. Helb released any identifying information to anyone concerning the Plaintiff. As such, Plaintiff is unable to support the factual averment in her Complaint that Ms. Helb revealed any identifying information concerning Plaintiff or her children. Upon information and belief, Dinene located her birth mother due to her own efforts, and Plaintiff has no evidence to even suggest otherwise.

Without factual support for the assertion that moving Defendant revealed information concerning the Plaintiff or her children to Dinene, Plaintiff cannot demonstrate that Ms. Held violated the Plaintiff's Constitutional or civil rights, or invaded her privacy. In that Plaintiff has not produced any evidence in support of the alleged violation(s) of her civil rights, her Complaint should be dismissed with prejudice and summary judgment on all claims should be granted in favor of moving Defendant Dolores Helb.

## II.  **Moving Defendant Is Immune From Suit.**

Assuming *arguendo* that Plaintiff is able to survive summary judgment despite the lack of evidence as to her civil rights and

14

invasion of privacy claims, moving Defendant is nevertheless entitled to summary judgment because she is immune from the imposition of civil damages.  A State or State official acting in his or her official capacity is not a "person" subject to suit under 42 U.S.C. §1983, based on the Eleventh Amendment limitation on federal suits against the states.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989).  Fundamental principles of State sovereign immunity also preclude suit against a State in federal court or in State court on a federal cause of action without that State's consent.  <u>Allen v. Fauver</u>, 167 N.J. 69, 77 (1999).

Qualified immunity shields government officials from civil damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

> The doctrine of qualified immunity 'hold[s] that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In determining whether [the actor] is immune from suit, the Court must determine i) whether the plaintiffs alleged a violation of their statutory or constitutional rights; ii) whether the right alleged to have been violated was clearly established in the existing law at the time of the violation; and iii) whether a reasonable official should have known that the alleged action violated the plaintiffs' rights. The determination of whether a defendant is entitled to a defense of

qualified immunity is a question of law for the Court to decide.

Doe v. DYFS, 148 F. Supp. 2d 462, 490 (D.N.J. 2001) (citations omitted).

To defeat qualified immunity, [the plaintiffs must show that] the right that the actor allegedly violated was sufficiently clear such that a reasonable official would have known that enacting and applying [DYFS's] policy would have violated the right. Id. In the instant case, the Adoption Registry maintained by DYFS, facilitates contact between adoptees and birth families, and sets forth guidelines as to how negotiate communication between these two groups, with a sensitivity toward revealing identifying information. There is no evidence that Ms. Helb did anything other than facilitate communication, and no evidence that in so doing that she committed a clear violation of any rights.

In conclusion, since there is no evidence that Ms. Helb acted in any manner other than pursuant to her authority as a representative of DYFS, she is immune from suit pursuant to the Eleventh Amendment. In addition, the doctrine of qualified immunity affords further protection, as her conduct did not violate any clearly established right of the Plaintiff.

16

## CONCLUSION

WHEREFORE, Defendant Dolores Helb seeks entry of summary judgment in her favor and against Plaintiff.


CONNOR, WEBER & OBERLIES


BY:  /s/ Michael S. Mikulski
     MICHAEL S. MIKULSKI, II
     Attorney for Dolores Helb

17